## Abstract of the Decision.

1.  ASSUMPSIT, ACTION OF, § 89*—*when evidence shows contract for work, labor and materials.*  In an action for work, labor and materials alleged to have been furnished the defendant by the plaintiff, in which the defendant denied that he had contracted therefor with the plaintiff, evidence *held* to justify a judgment for the plaintiff.

2.  ASSUMPSIT, ACTION OF, § 88*—*when memoranda of work done under contract admissible.*  In an action by a contractor for labor, work and materials furnished the defendant, *held* that the plaintiff's "job tickets," consisting of copies made by the plaintiff after the completion of the work from memoranda made by him on slips of paper as the work was being done, were admissible in evidence, the slips having been destroyed, on the ground that the original memoranda were not available and that the "job tickets" were his books.

3.  JUDGMENT, § 247*—*when entry after remittitur proper.*  The action of a trial court in setting aside a judgment for the plaintiff and, after a remittitur had been made, entering judgment for the amount remaining, *held* unobjectionable.

───────────

## A. C. Jackson, Defendant in Error, v. Browning, King & Company, Plaintiff in Error.

### Gen. No. 22,088.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HARRY P. DOLAN, Judge, presiding.  Heard in this court at the October term, 1916.  Affirmed.  Opinion filed December 18, 1916.  Rehearing denied December 29, 1916.

### Statement of the Case.

Action by A. C. Jackson, plaintiff, against Browning, King & Company, a corporation, defendant, for commissions on sales of merchandise by plaintiff as a department manager of defendant's store.  From

───────────

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

a judgment for plaintiff for the amount claimed $138.79, defendant brings error.

In 1909 defendant made a contract with plaintiff that he should be paid a commission of two per cent. on all sales in the boys' and children's department over $75,000 a year. This agreement was renewed verbally each year thereafter and the commissions were paid to plaintiff for the years 1910 and 1911. Defendant's books of account showed that the total sales in plaintiff's department for the year 1912 were $92,448.59, of which $6,939.93 were sales to customers having charge accounts.

BENTLEY, BURLING & SWAN, for plaintiff in error; WILLARD BROOKS, of counsel.

O'SHAUGHNESSY & O'SHAUGHNESSY, for defendant in error; JOSEPH L. TOOHEY, of counsel.

MR. PRESIDING JUSTICE MCSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. MASTER AND SERVANT, § 84*—*when evidence sufficient to show that charge items are correct.* In an action by a department store manager for commissions on charge sales, evidence *held* sufficient to show that the charge items did not include charge sales made prior to the year for which plaintiff was claiming commissions.

2. MASTER AND SERVANT—*when master cannot change contract for commissions.* A department store cannot change a contract for the payment of commissions to one of its managers by a change in its method of bookkeeping whereby such manager is credited with charge sales at the time they are made instead of at the time they are paid.

3. ESTOPPEL, § 47*—*when defendant estopped to raise defense.* A defendant will not be permitted to raise a defense upon a theory inconsistent with its own line of conduct.

4. MASTER AND SERVANT, § 84*—*when evidence insufficient to*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

*show that commissions were not earned.* In an action by a department store manager for commissions on charge sales for a specified year, evidence *held* insufficient to establish the defense that plaintiff did not earn the commissions and that the commissions earned had been paid.

---

## M. C. Conrad, Defendant in Error, v. Frank Hess, Plaintiff in Error.

### Gen. No. 22,164.   (Not to be reported in full.)

Error to the Circuit Court of Cook county; the Hon. HARRY C. MORAN, Judge, presiding. Heard in this court at the March term, 1916. Reversed and judgment here. Opinion filed December 18, 1916. Rehearing denied December 29, 1916.

### Statement of the Case.

Action by M. C. Conrad, plaintiff, against Frank Hess, defendant, before a justice of the peace for rent of a farm occupied under a written lease. From a judgment for $190 against the defendant, after trial by the court upon appeal to the Circuit Court, defendant brings error.

The lease was dated January 1, 1913, and ran for three years. By it the defendant agreed to pay $150 rental for the first year, $200 for the second year, and $225 for the third year. He entered into possession and cultivated the farm. In the fall of 1913 he had a conversation with plaintiff concerning the rent for that year, which he had not then paid, and the defendant gave plaintiff his note for $150 in payment of the first year's rent.

GEORGE E. BRANNAN, for plaintiff in error.